# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# MIDDLE DIVISION

| | |
|---|---|
| **KENNETH TARY CHAMBLEE,** ]<br>]<br>**Plaintiff,** ]<br>]<br>v. ]<br>]<br>**ROGER SPARKS, et al.,** ]<br>]<br>**Defendants.** ] | **Case No.: 4:07-CV-2241-VEH** |

## MEMORANDUM OPINION AND ORDER

**I.     Introduction**

Plaintiff Kenneth Tray Chamblee ("Chamblee") initiated this civil rights case on December 12, 2007, against Defendants Marshall County, Alabama Deputy Sheriffs Roger Sparks (an arresting officer), Stan Baggett (an arresting officer), Michael Slate (the jail warden) (collectively, the "Deputy Sheriffs"), and Marshall County, Alabama Sheriff Scott Walls ("Sheriff Walls"). (Doc. #1). Defendants filed a Motion to Dismiss (Doc. #5) on February 26, 2008 and a Motion to Dismiss/Alternative Motion for More Definite Statement (Doc. #9) on February 29, 2008.  Both of these motions were rendered moot by Chamblee's filing of an amended complaint (Doc. #12) on March 10, 2008.  (*See* Doc. #14).

On March 24, 2008, Defendants filed a Motion to Dismiss Plaintiff's Amended Complaint. (Doc. #16).  The court granted in part and denied in part this particular

motion and gave Chamblee twenty (20) days to file a second amended complaint. (Doc. #19). In its memorandum opinion and order, the court expressly instructed Chamblee to file his pleading "in a more informative format so that the court and Defendants may ascertain the contours of each specific set of allegations and claim(s) against each specific Defendant." (Doc. #19 at 5). The court also emphasized that Chamblee's "<u>failure to adequately plead his second amended complaint in compliance with this order may result in a dismissal of some or all of his claims with prejudice</u>." (*Id.* at 7). Chamblee filed his second amended complaint (Doc. #20) on May 30, 2008.

The court now has before it Defendants' Motion to Dismiss pertaining to Plaintiff's Second Amended Complaint (the "Motion") (Doc. #21) filed on June 19, 2008. Defendants also filed a supporting brief (Doc. #22) on that same date. In these filings, only Deputy Sheriff Slate and Sheriff Walls (the "Moving Defendants") seek a dismissal of all claims asserted against them.[1]

Despite the requirements of Exhibit B (Doc. #8) entered on February 28, 2008, Chamblee has never filed a response to the Motion. Exhibit B expressly states that

---

[1]While the Motion references all the defendants as movants, the supporting brief limits its title and discussion to a dismissal of Deputy Sheriff Slate and Sheriff Walls only. (*See, e.g.,* Doc. #22 at 2 n.2 ("Deputies Sparks and Baggett have, contemporaneously, submitted an Answer to the Plaintiff's Second Amended Complaint.")).

"[a]ny non-summary judgment motions filed after the entry of this order **SHALL** comply with the provisions of Exhibit B without further order from the court." (Doc. #8 at 1). Exhibit B gives a non-moving party eleven (11) days to oppose a non-summary judgment motion. Therefore, the Motion is under submission without any opposition by Chamblee. Moreover, in the absence of any opposition from Chamblee and for good cause shown as discussed below, the Moving Defendants' Motion is due to be granted in part and denied in part.[2]

## II.  Applicable Standards

### A.  Motion to Dismiss

"In an ordinary civil action, the Federal Rules of Civil Procedure require only 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 127 S. Ct. 2499, 2507 (2007) (quoting Fed. Rule Civ. Proc. 8(a)(2)). "Although the rule encourages brevity, the complaint must say enough to give the defendant 'fair notice of what the plaintiff's

---

[2]The court notes that, in their prayer for relief, the Moving Defendants seek an award of "costs and attorneys' fees pursuant to 42 U.S.C. § 1988, and other applicable law." (Doc. #21 at 2). The record is otherwise silent on the issue. In the absence of the Moving Defendants' actively substantiating why they should be entitled to recover costs and attorneys' fees from Chamblee pursuant to § 1988 or other applicable law, the court, in its discretion, is not inclined to grant the relief. *See* Section II.C., *infra* (effect of failure to formulate argument). Therefore, that specific part of Defendants' Motion is **DENIED**.

claim is and the grounds upon which it rests.'" *Tellabs*, 127 S. Ct. at 2507 (citing *Dura Pharmaceuticals v. Broudo*, 544 U.S. 336, 346 (2005) (internal quotation marks omitted)).

Dismissal for failure to state a claim upon which relief may be granted does not require appearance, beyond a doubt, that plaintiff can prove no set of facts in support of claim that would entitle him to relief. *Bell Atlantic v. Twombly*, 127 S. Ct. 1955 (2007) (abrogating *Conley v. Gibson*, 355 U.S. 41 (1957)). A motion to dismiss under 12(b)(6) should be granted if the plaintiff is unable to articulate "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 127 S. Ct. at 1964-65. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" *Id.* (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). However, "once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Twombly*, 127 S. Ct. at 1969.

**B.    Qualified Immunity**

    **1.    General Principles**

Qualified immunity is an affirmative defense that may be claimed by an

individual defendant who is being sued personally for actions that he or she took while acting under color of state law. *Harlow v. Fitzgerald,* 457 U.S. 800, 815 (1982). Qualified immunity is a question of law to be decided by the court prior to trial. It is designed to allow officials who are entitled to qualified immunity to avoid the expense and disruption of going to trial, and is not merely a defense to liability. *Ansley v. Heinrich,* 925 F.2d 1339, 1345 (11th Cir. 1991) (citing *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985)).

The Supreme Court has referred to the qualified immunity analysis as the "objective-reasonableness" test. *Harlow,* 457 U.S. at 815-19. Under this test, public officials performing discretionary functions which would objectively appear to be within the official's authority have qualified immunity if the challenged conduct did not violate a clearly established constitutional right of which a reasonable person would have known, given the circumstances and information possessed by the official at the time of the conduct. *Id.* at 818.

The objective-reasonableness test is a two-part analysis. First, the defendant public official must prove that he was performing duties within the scope of his discretionary authority when the alleged violation occurred. *Hutton v. Strickland,* 919 F.2d 1531, 1537 (11th Cir. 1990) (citations omitted). A government official may prove that he was acting within the scope of his authority by showing facts and

circumstances that would indicate that his actions were part of his normal job duties and were taken in accordance with those duties. *Rich v. Dollar,* 841 F.2d 1558, 1564 (11th Cir. 1988); *see also Cronen v. Texas Dep't of Human Services,* 977 F.2d 934, 939 (5th Cir. 1992) ("An official acts within his discretionary authority when he performs non-ministerial acts within the boundaries of his official capacity.").

Once the defendant proves that he was acting within his discretionary authority, the burden then shifts to the plaintiff to prove that the defendant did not act in good faith. *Hutton,* 919 F.2d at 1537.  The plaintiff may meet this burden by establishing that "the defendant public official's actions 'violated clearly established constitutional law.'" *Id.* (citations omitted).  The second prong of the objective-reasonableness test has two sub-parts. *Id.* at 1538 (citations omitted).  First, the court must find that the constitutional law in question was clearly established when the alleged violation occurred. *Id.* (citations omitted).  Second, the court must find that "there is a genuine issue of fact regarding the government official's engaging in conduct violative of the clearly established law." *Id.* (citations omitted).

"Clearly established" means that "[t]he contours of the [constitutional] right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Anderson v. Creighton,* 483 U.S. 635, 640 (1987).  "This is not to say that an official action is protected by qualified immunity unless the very

action in question has previously been held unlawful, but it is to say that in light of the preexisting law the unlawfulness must be apparent." *Id.* (internal and other citations omitted). Under this standard, qualified immunity is available to protect "all but the plainly incompetent or those who knowingly violate the law." *Malley v. Briggs,* 475 U.S. 335, 341 (1986).

"To defeat a qualified immunity defense, the plaintiff bears the burden of showing that the 'legal norms allegedly violated by the defendant were clearly established at the time of the challenged actions or, . . . the law clearly proscribed the actions the defendant . . . took.'" *Barts v. Joyner,* 865 F.2d 1187, 1190 (11th Cir.), *cert. denied,* 493 U.S. 831 (1989) (quoting *Mitchell,* 472 U.S. at 528). In determining whether the plaintiff meets this burden, the court is guided by the Eleventh Circuit's direction in *Nicholson v. Georgia Dep't of Human Resources,* 918 F.2d 145 (11th Cir. 1990):

> In satisfying this burden, the plaintiff cannot point to sweeping propositions of law and simply posit that those propositions are applicable. Instead, the plaintiff must draw the court's attention toward a more particularized and fact-specific inquiry. Under this inquiry, the plaintiff need not point to one or more cases that resolved the precise factual issues at issue in his or her case. '[A]lthough the standard is fact-specific, it is not one of factual rigidity.' Rather, the plaintiff need only show that there existed sufficient case law establishing the contours of his or her constitutional rights such that the unlawfulness of the defendant's conduct would have been apparent to a reasonable official in the same circumstances and possessing the same knowledge as the

defendant.

*Id.* at 147 (internal and other citations omitted).

### 2. Rule 12(b)(6) Considerations

Furthermore, a plaintiff cannot merely rely on notice pleading in a § 1983 case involving qualified immunity. A plaintiff's pleading standard is "heightened" when § 1983 claims are made against government officials in their individual capacities. *See GJR Investments, Inc. v. County of Escambia*, 132 F.3d 1359, 1367 (11th Cir. 1998) ("Accordingly, when reviewing a district court's disposition of a motion to dismiss a § 1983 claim on qualified immunity grounds, we are guided both by the regular 12(b)(6) standard and by the heightened pleading requirement.") (citation omitted).

More specifically, the framework for evaluating the qualified immunity defense on a Rule 12(b)(6) motion is:

> We apply the qualified immunity defense to dismiss a complaint at the 12(b)(6) stage where, (1) from the face of the complaint, (2) we must conclude that (even if a claim is otherwise sufficiently stated), (3) the law supporting the existence of that claim-given the alleged circumstances-was not already clearly established, (4) to prohibit what the government-official defendant is alleged to have done, (5) before the defendant acted.

*Marsh v. Butler County, Ala.*, 268 F.3d 1014, 1023 (11th Cir. 2001) (en banc). It is, therefore, Chamblee's burden to allege sufficient specific supporting facts or face

dismissal of his claims against Deputy Sheriff Slate and Sheriff Walls. *Marsh*, 268 F.3d at 1036 & n.16 (11th Cir. 2001) ("In the light of the usual pleading requirements of Fed. Rule Civil Proc. 8(a), unsupported conclusions of law or of mixed fact and law have long been recognized not to prevent a Rule 12(b)(6) dismissal.") (citations omitted); *South Florida Water Mgmt. Dist. v. Montalvo*, 84 F.3d 402, 408 n.10 (11th Cir. 1996) ("As a general rule, conclusory allegations and unwarranted deductions of fact are not admitted as true in a motion to dismiss.") (citation omitted).

## C. Chamblee's Failure to Oppose

Chamblee's failure to file any opposition to Defendants' Motion to Dismiss is not without significant repercussions. As explained by Judge Steele in *Williams v. Quality Filters, Inc.*, No. 07-0015-WS-B, 2007 WL 4219201, *1 (S.D. Ala. Nov. 27, 2007):

> Courts are not obligated to read a party's mind or to construct arguments that it has failed to raise and that are not reasonably presented in the court file. *See Resolution Trust Corp. v. Dunmar Corp.*, 43 F.3d 587, 599 (11th Cir. 1995) ("There is no burden upon the district court to distill every potential argument that could be made based upon the materials before it . . . ."); *see also Higgins v. New Balance Athletic Shoe, Inc.*, 194 F.3d 252, 260 (1st Cir. 1999) (declaring that a "party who aspires to oppose a . . . motion must spell out his arguments squarely and distinctly, or else forever hold his peace," as district court may ignore arguments not adequately developed by nonmovant). Clearly, "the onus is upon the parties to formulate arguments." *Resolution Trust*, 43 F.3d at 599; *Bowden ex rel. Bowden v. Wal-Mart Stores, Inc.*, 124 F. Supp. 2d 1228, 1236 (M.D. Ala. 2000) ("It is not for

9

> the court to manufacture arguments on Plaintiff's behalf."). Accordingly, plaintiff's decision not to respond to the Motion is at her peril.

*Williams*, 2007 WL 4219201, *1. Akin to *Williams*, Chamblee's voluntary failure to file any opposition to the Motion places him in a similar unfavorable posture.[3]

## III. Analysis

Chamblee has filed suit under 42 U.S.C. § 1983 asserting constitutional violations relating to an alleged improper incarceration and seizure of his vehicle and other personal property. (*See generally* Doc. #20). Chamblee has expressly sued the Moving Defendants in their individual capacities (only) *(See* Doc. #20, ¶¶7 and 8). Under the defense of qualified immunity, the court must first address the discretionary capacity issue.

Assuming that discretionary capacity is demonstrated, then the court must determine whether the Moving Defendants acted in a way that was clearly unconstitutional. In other words, the court must here decide if Chamblee's second amended complaint sufficiently alleges facts which, if true, could establish that Deputy Sheriff Slate and Sheriff Walls violated clearly established law.

### A. Discretionary Capacity

---

[3]Similarly, in the face of Moving Defendants' failure to articulate any basis for the court to award "costs and attorneys fees" to them, the court will not "manufacture arguments" on their behalf.

There is no indication in the record that Chamblee disputes the discretionary capacity issue. In any event, applying the objective standard set forth above, Deputy Sheriff Slate and Sheriff Walls have both established that they acted within their discretionary authority. More particularly, it is only by virtue of Deputy Sheriff Slate in his position as the warden responsible for administrating the jail, including "booking and proper detention of inmates[,]" that he is being sued. (*See, e.g.,* Doc. #20 ¶ 7). Similarly, Sheriff Walls is sued because of his role as the top law enforcement officer "in charge of all operations . . . including all divisions, including patrol and the jail" within the Sheriff's Department of Marshall County. (*See, e.g., id.* ¶ 8).

Moreover, there is nothing in Chamblee's second amended complaint which asserts that any of the Moving Defendants' actions somehow fall outside of their normal job duties and responsibilities. Therefore, based upon these allegations, Defendants Deputy Sheriff Slate and Sheriff Walls undoubtedly have met the hurdle of demonstrating that they acted within the scope of their discretionary authority.

**B.  Claims Asserted Against Moving Defendants**

**1.  Claims Asserted Against Deputy Sheriff Slate**

As summarized by Defendants, Chamblee has asserted three (3) types of claims against Deputy Sheriff Slate:

11

> First, that Warden Slate knew that the Plaintiff was incarcerated, but failed to seek his release; second, the Plaintiff has alleged that his rights were violated by Warden Slate "by being incarcerated without any probable cause and detained without any valid reason for incarceration;" and, third, that Warden Slate failed to establish any policies and procedures to ensure that individuals are not improperly incarcerated. (Doc. 20, ¶¶ 46-56.)

(Doc. #22 at 3).

### 2.     Claims Asserted Against Sheriff Walls

Chamblee has stated two (2) claims against Sheriff Walls:

> That Sheriff Walls has refused to return the Plaintiff's personal property, even though he knows that it is being kept wrongfully; and that he has failed to develop proper policies and procedures to prevent property from being wrongfully taken. (Doc. 20, ¶¶ 57-66.)

(Doc. #22 at 3).

### C.     Chamblee's Personal Property Claim Against Sheriff Walls

Relying upon the cases of *Parratt v. Taylor*, 451 U.S. 527 (1981), *overruled on other grounds by Daniels v. Williams*, 474 U.S. 327 (1986),[4] and *Hudson v.*

---

[4]In *Daniels*, the Supreme Court reconsidered its determination in *Parratt* that the Fourteenth Amendment may support a claim for constitutional deprivation based upon a negligent act of a state official:

> Petitioner's claim in this case, which also rests on an alleged Fourteenth Amendment "deprivation" caused by the negligent conduct of a prison official, leads us to reconsider our statement in *Parratt* (*see* discussion, *infra*) that "the alleged loss, even though negligently caused, amounted to a deprivation." *Id.*, at 536-537, 101 S. Ct., at 1913. We conclude that the Due Process Clause is simply not implicated by a *negligent* act of an

*Palmer*, 468 U.S. 517 (1984), Defendants argue that Chamblee has no valid constitutional deprivation of property claim. The court agrees.

*Parratt* involved a state prisoner suing certain prison officials "alleging that their negligent loss of a hobby kit he ordered from a mail-order catalog deprived him of property without due process of law, in violation of the Fourteenth Amendment." *Hudson*, 468 U.S. at 531 (discussing *Parratt* decision). In *Parratt*, the United States Supreme Court explained that a constitutional deprivation of property claim does not require a prior-deprivation hearing so long as a meaningful post-deprivation hearing is available. 451 U.S. at 541 ("Indeed, in most cases it is not only impracticable, but impossible, to provide a meaningful hearing before the deprivation. That does not mean, of course, that the State can take property without providing a meaningful postdeprivation hearing."). The Court further held in *Parratt* that "the Due Process Clause of the Fourteenth Amendment is not violated when a state employee negligently deprives an individual of property, provided that the state makes available

---

official causing unintended loss of or injury to life, liberty, or property.

474 U.S. at 328; *see id* at 330-32 ("Upon reflection, we agree and overrule *Parratt* to the extent that it states that mere lack of due care by a state official may 'deprive' an individual of life, liberty, or property under the Fourteenth Amendment."). Therefore, based upon the *Daniels* decision, an actionable claim for a Fourth Amendment due process violation no longer exists if such is premised solely upon unintentional acts.

13

a meaningful postdeprivation remedy." *See Hudson*, 468 U.S. at 531 (summarizing *Parratt* holding).

In *Hudson*, the Supreme Court was faced with the question of whether to extend its *Parratt* holding to those situations in which a state employee is alleged to have intentionally destroyed property belonging to a prisoner. *Hudson*, 468 U.S. at 530-31. Agreeing with the Fourth Circuit, the Supreme Court extended its ruling in *Parratt* and held "that an unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available." 468 U.S. at 533.

As Defendants point out in this case, Chamblee "has not [alleged] and cannot establish that he was without an adequate postdeprivation remedy that would have compensated him for his loss." (Doc. #22 at 4). More particularly, Defendants note that concerning his property claim, Chamblee "could have presented a claim to the Alabama Board of Adjustment or filed an action in state court." (*Id.* at 4-5). Therefore, Chamblee's constitutional property claim against Sheriff Walls is **HEREBY DISMISSED WITH PREJUDICE**.

    **B.    Chamblee's Supervisory Claims Against Defendants**

Relying upon *Goebert v. Lee County*, 510 F.3d 1312 (11th Cir. 2007),

*McElligott v. Foley*, 182 F.3d 1248 (11th Cir. 1999), and several other cases, the Moving Defendants correctly maintain that all supervisory claims asserted against them as policymakers are subject to dismissal for Chamblee's failure to allege facts sufficient to support a showing of a "deliberate indifference to his constitutional rights." (Doc. #22 at 7). More specifically, Chamblee has not alleged a "'history of widespread abuse [that is] obvious, flagrant, rampant and of continued duration, rather than isolated occurrences.'" (Doc. #22 at 7-8 (citing *Hartley v. Parnell*, 193 F.3d 1263, 1269 (11th Cir. 1999)). As Moving Defendants correctly note, Chamblee "has failed to allege even one similar incident[, much less a pattern,] that would have given either Sheriff Walls or Warden Slate actual, subjective notice that their alleged failure to develop certain policies and procedures would result in" a deprivation of Chamblee's constitutional rights. Accordingly, all supervisory capacity claims asserted against Deputy Sheriff Slate and Sheriff Walls are **HEREBY DISMISSED WITH PREJUDICE**.

  **C.** **Chamblee's Incarceration Claim Against Deputy Sheriff Slate**

Beyond potential supervisory constitutional liability, the Moving Defendants correctly note that a defendant may also be held liable if the "official 'personally participated' in the allegedly unconstitutional conduct." (Doc. #22 at 9 (citing *West v. Tillman*, 496 F.3d 1321 (11th Cir. 2007) (per curiam) ("Thus, the Supervisory

Defendants are liable [] if they personally participated in the allegedly unconstitutional conduct[.]")); *see also Zatler v. Wainwright*, 802 F.2d 397, 401 (11th Cir. 1986) (per curiam) (recognizing that causation may be shown by personal participation in constitutional violation).

In *West*, analogous to this case, the plaintiffs complained "that the Supervisory Defendants unconstitutionally delayed [their] release from the Jail by failing to staff properly, supervise properly, and train properly the Jail records staff." 496 F.3d at 1328. Because, in *West*, the plaintiffs did not allege that "the Supervisory Defendants were <u>personally involved</u> in their over-detentions[,]" the court's analysis focused only upon the Supervisory Defendants' potential liability as policymakers. 496 F.3d at 1328-29 (emphasis added). Similarly, because Chamblee has not alleged that Deputy Sheriff Slate personally participated in either his alleged wrongful arrest or wrongful over-detention or even that he personally knew about Chamblee's alleged improper treatment,[5] any potential liability traceable to Deputy Sheriff Slate premised

---

[5]The allegations that Chamblee does make about made about Deputy Sheriff Slate's knowledge of Chamblee's circumstances are limited to: "Although he knew the Plaintiff was incarcerated, the Defendant, Slate, never ordered any Sheriff's deputy to serve a warrant or 'order to incarcerate' on the Plaintiff and further never Ordered any Sheriff's deputy to file a warrant or 'order to incarcerate' or any detention document with the Clerk of Marshall County to justify the Plaintiff's detention." (Doc. #20 ¶ 50). Nowhere does Chamblee assert that Deputy Sheriff Slate was <u>personally aware</u> that Chamblee was wrongfully treated by the arresting officers and/or wrongfully processed in terms of his incarceration and/or wrongfully

upon his direct involvement in unconstitutional conduct against Chamblee is **HEREBY DISMISSED WITH PREJUDICE**.

### D.   Clearly Established Law and Fair Warning

Alternatively and to the extent Chamblee has even asserted any viable constitutional claims against the Moving Defendants, a dismissal of all claims against them is appropriate because Chamblee cannot show that clearly established law provided them with fair warning that their conduct was illegal.  This fair warning requirement is met through either (1) pointing to a case with materially similar facts holding that the conduct engaged in was illegal; or (2) demonstrating that a pertinent federal statute or federal constitutional provision is specific enough to demonstrate the conduct was illegal, even in the total absence of case law.  *Storck v. City of Coral Springs*, 354 F.3d 1307, 1317 (11th Cir. 2003) (citations omitted).  Chamblee is unable to meet either prong.

The allegations of the second amended complaint relating to these particular

---

continued in his detainment at the jail.  Deputy Sheriff Slate's mere knowledge of Chamblee's incarceration, without more, is insufficient to personally link him to constitutional liability under § 1983.  *Compare Sivard v. Pulaski County*, 959 F.2d 662, 668 (7th Cir. 1992) ("As to Sheriff Ward-Tillett, it states that she knew of his wrongful detention [of seventeen (17) days] and continued to detain him in spite of that knowledge.  We hold that such an allegation is sufficient to state a cause of action under § 1983 for a public official's personal involvement in an unconstitutional deprivation of due process.") (*Sivard* decision cited with approval by the Eleventh Circuit in *Ortega v. Christian*  85 F.3d 1521 (11th Cir. 1996)).

defendants fall far short of showing any apparent unlawfulness in their actions. *See Willingham v. Loughnan*, 321 F.3d 1299, 1301 (11th Cir. 2003) ("The unlawfulness must have been apparent. . . . [whether through on point binding authority] or a general constitutional rule already identified in the decisional law[.]") (citing *Anderson v. Creighton*, 483 U.S. at 639-40). Regarding the first alternative, Chamblee has not provided the court with <u>any</u> argument or authority in opposition to the Motion, much less any materially similar controlling case authority, establishing the unlawfulness of the Moving Defendants' actions.

Concerning the second method, this is not an "obvious clarity" case with respect to these defendants. *Vinyard v. Wilson*, 311 F.3d 1340, 1350 (11th Cir. 2002) (footnote omitted). More specifically, the allegations involving the Moving Defendants do not present a situation in which a "broad statement[ ] of principle in caselaw [that is] not tied to particularized facts . . . can clearly establish law applicable in the future to different sets of detailed facts." *Vinyard*, 311 F.3d at 1351.

Finally as the Moving Defendants point out, even if a state official acts only "in an *arguably* reasonable way" based upon preexisting law, then qualified immunity protects him. *See, e.g., Marsh*, 268 F.3d at 1031 n.8 ("[I]f a sheriff responds in an *arguably* reasonable way to unsafe jail conditions, the sheriff will avoid suit pursuant to the defense of qualified immunity.") (citation omitted); *see also id.* ("Qualified

immunity is meant to allow government officials to act with 'independence and without fear of consequences' when the law is not clearly established.") (citing *Harlow*, 457 U.S. at 819).

Defendants Deputy Sheriff Slate and Sheriff Walls have, at a minimum, shown that their actions or inactions were at least <u>arguably reasonable</u> given the status of the then applicable law. Accordingly, the Motion is alternatively **GRANTED** due to Chamblee's failure to meet the clearly established law/fair warning requirement to the qualified immunity defense, and all claims against the Moving Defendants are **HEREBY DISMISSED WITH PREJUDICE** for this additional reason.

### IV. Conclusion

Therefore, for the reasons stated above, the Motion is **GRANTED**. All claims against Defendants Deputy Sheriff Slate and Sheriff Walls are **DISMISSED WITH PREJUDICE** on the basis of qualified immunity. In all other respects, the Motion is **DENIED**.[6]

**DONE** and **ORDERED** this the 24th day of July, 2008.

                                                                        _____
                                                                        **VIRGINIA EMERSON HOPKINS**
                                                                        United States District Judge

---

[6]*See* n.2, *supra*.